## *In re* UPCHURCH.

### (*Circuit Court, E. D. North Carolina.* February 18, 1889.)

UNITED STATES COMMISSIONERS—APPOINTMENT OF DEPUTY-MARSHALS.

Rev. St. U. S. § 1983, provides that the circuit courts of the states and the district courts of the territories from time to time shall increase the number of commissioners, so as to afford a speedy and convenient means for the arrest and examination of persons charged with violation of the election laws. Section 1984 empowers "the commissioners authorized to be appointed by the preceding section" within their respective counties to appoint one or more suitable persons, from time to time, who shall execute all such warrants or other process as the commissioners may issue, etc. *Held,* that since the appointment of commissioners was not authorized for the first time, but merely directed, by section 1983, the power to appoint process servers, given by section 1984. must extend to all commissioners. In any case it would be impossible to distinguish from the rest the class in terms designated by this section.

In the Matter of the Account of John R. Upchurch against the United States for services rendered as special deputy marshal.

*A. W. Shaffer,* for petitioner.

SEYMOUR, J. A. W. Shaffer, Esq., the United States commissioner holding the appointment for this judicial district of chief supervisor of elections, shortly before the election of November last, appointed the petitioner, in writing, to execute "all such warrants or other process" as should issue to him from such commissioner in the lawful performance of his duties, and especially such warrants or other process as might issue under the provisions of chapter 7, tit. 70, Rev. St.; that is, under the law in relation to crimes against the elective franchise and the civil rights of citizens. The question now made is as to the power of the commissioner to appoint a person other than the marshal, or one of his deputies, to execute process. The authority to make the appointment is claimed under section 1984 of the Revised Statutes. That and the two preceding sections read as follows:

"Sec. 1982. The district attorneys, marshals, and deputy-marshals, the commissioners appointed by the circuit and territorial courts with power to arrest, imprison, or bail offenders, and every other officer who is especially empowered by the president, are authorized and required, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of chapter 7, of the title 'Crimes,' and to cause such persons to be arrested and imprisoned or bailed for trial before the court of the United States, or the territorial court having cognizance of the offense. Sec. 1983. The circuit courts of the United States, and the district courts of the territories, from time to time, shall increase the number of commissioners so as to afford a speedy and convenient means for the arrest and examination of persons charged with the crimes referred to in the preceding section; and such commissioners are authorized and required to exercise all the powers and duties conferred on them herein with regard to such offenses in like manner as they are authorized by law to exercise with regard to other offenses against the laws of the United States. Sec. 1984. The commissioners authorized to be appointed by the preceding section are empowered within their respective coun-

ties to appoint, in writing, under their hands, one or more suitable persons, from time to time, who shall execute all such warrants or other process as the commissioners may issue in the lawful performance of their duties.    *    *    *"

A casual reading of section 1984 might lead to the opinion that it was intended to limit the power to deputize to commissioners expressly appointed under the preceding section.    No possible reason can be assigned for such a discrimination between different commissioners; and enforcing it would be practically impossible, for no method is provided of determining which, if any, of such officers have been appointed under, or in consequence of, the enactment of the legislation brought forward by the revisers as section 1983.    To take the case at bar: Mr. Shaffer's commission was issued after April 6, 1866,—the date of such legislation,— but there is no reference to it in the commission, and no record shows either that he was or that he was not appointed with any reference thereto.    Moreover, a critical reading of section 1983, *supra*, shows that it does not in fact authorize the appointment of commissioners.    Such authorization already existed without any limitation as to number in a previous section:

"Sec. 627. Each circuit court may appoint, in different parts of the district for which it is held, so many discreet persons as it may deem necessary, who shall be called ' commissioners of the circuit courts,' and shall exercise the powers which are or may be expressly conferred by law upon commissioners of circuit courts."

Section 1983 merely directs the circuit courts to increase the number of such commissioners, gives a reason for the direction, and enjoins upon United States commissioners generally (for the words "such commissioners" in that section can have no other relation than to the word "commissioners" in the preceding section) the duty of enforcing the penal statutes referred to in section 1982; that is to say, the section has only a directory function.    But, if section 1983 does not authorize the appointment of commissioners, the words "authorized to be appointed by the preceding section" must be held (1) either to render the whole of section 1984 insensible because the whole of what follows refers to them; (2) be modified by interpretation; or (3) disregarded on the well-known principle, as applicable to statutes as to deeds or wills, *utile per inutile non vitiatur*. The first course is not to be taken unless no other can be adopted.    The words in question might, if such appeared to have been the intention of the legislature, be interpreted to mean the commissioners appointed in consequence of the direction of the preceding section.    But I am satisfied from a reading of the whole of the three sections quoted *supra*, that the word "commissioners," used in section 1984, was intended to have the same relation that the same word has in section 1983.    The first of these three sections makes it the duty of all commissioners of circuit courts to institute prosecutions against persons violating the provisions of chapter 7 of the title "Crimes."    The second requires the courts to increase the number of such commissioners so as to afford a speedy means of arresting and examining persons so prosecuted, while the third gives such commissioners power to deputize persons to execute the process issued in

pursuance of the first of these sections,—section 1982. To carry out what is evidently the purpose of the legislature by this construction of section 1984, the court is not compelled to do as much violence to the section as would be done by a literal construction, for that would nullify it entirely; while the second one suggested would, though only neglecting two words, insert six others in their place.

An examination of the statutes from which the three sections under consideration were drawn shows beyond a doubt that this construction is the one which carries out the intention of the original acts. The statutes in question are the civil rights bill of 1866 and that of 1872. It will not be necessary to our purpose to examine more than the first of these two acts. It is entitled "An act to protect all persons in the United States in their civil rights, and furnish means for their vindication," and was passed over the veto of President Johnson on the 9th of April, 1866. At that time congress and the president were engaged in the reconstruction contest, so called, which culminated in the impeachment of the latter. The United States marshals being presidential appointees, and the hostility of Mr. Johnson to the civil rights bill being notorious, it was apprehended that the marshals would not enforce the law. Hence the insertion in it of a provision making it highly penal in such officers to refuse to receive or fail to execute writs issued in pursuance thereof, and also of one providing against such apprehended refusal or neglect by providing for the appointment of other officers to execute them. Sections 4 and 5 of the act of April 9, 1866, read as follows:

"Sec. 4. And be it further enacted, that the district attorneys, marshals, and deputy-marshals of the United States, the commissioners appointed by the circuit and territorial courts of the United States, * * * the officers and agents of the freedman's bureau, and every other officer who may be specially empowered by the president of the United States, shall be, and they are hereby, specially authorized and required at the expense of the United States to institute proceedings against all and every person who shall violate the provisions of this act. * * * And with a view to affording reasonable protection to all persons in their constitutional rights of equality before the law without distinction of race or color, * * * it shall be the duty of the circuit courts of the United States, and the superior courts of the territories of the United States, from time to time, to increase the number of commissioners, so as to afford a speedy and convenient means for the arrest and examination of persons charged with a violation of this act. * * * Sec. 5. It shall be the duty of all marshals * * * to execute all warrants * * * issued under the provisions of this act, * * * and should any marshal or deputy-marshal refuse to receive such warrant, * * * or to use all proper means diligently to execute the same, he shall, on conviction thereof, be fined. * * * And the better to enable the said commissioners to execute their duties faithfully, * * * they are hereby authorized and empowered, within their counties respectively, to appoint, in writing under their hands, any one or more suitable persons from time to time to execute all such warrants and other process as may be issued by them in the lawful performance of their respective duties."

It is evident that the "said commissioners" of section 5 refers to the word as first used in section 4, and includes all United States commissioners. In rewriting these sections, as modified by the act of 1872, (the

second civil rights bill,) the revisers broke up section 5 of the original act, making out of it sections 1983 and 1984 of the Revised Statutes; and in commencing the second of these sections they substituted for the pronoun "they" the words "the commissioners authorized to be appointed by the preceding section," as a more suitable beginning of a paragraph. There was no design to change the law, but only an inadvertence in the rearrangement of the sections. The present law must therefore have the same interpretation as the statute from which it was derived. The supposed necessity of appointing some one other than the marshal or his deputies to execute process is not believed to exist or to have ever existed in this district, but that fact can have no possible effect upon the interpretation of the statute. The account is allowed.